

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2002

# USA v. Alexander

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3189

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Alexander" (2002). *2002 Decisions.* Paper 380.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/380

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES OF AMERICA

v.

JAMES H. ALEXANDER, Appellant
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 98-cr-00278)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2002
Before: BECKER, Chief Judge, ALITO and AMBRO,
Circuit Judges.

(Filed: July 9, 2002)
_____

OPINION
_____

BECKER, Chief Judge.

This is an appeal by defendant James H. Alexander from the judgment of the District Court in a criminal case entered pursuant to a bargained-for guilty plea. The appeal challenges the adequacy of the plea colloquy in terms of the record said to establish voluntariness of the plea and the identity of the drug in question as crack cocaine. Additionally, Alexander contends that the District Court failed to assure that Alexander voluntarily agreed to the deletion of a key component of the alleged plea agreement, one preserving his right to appeal from the pretrial suppression ruling. We have carefully examined the record and are satisfied that it is sufficient to sustain the judgment.

I.

First, in addition to a fulsome colloquy, Alexander verified his written statement, which contained an acknowledgment that his guilty plea was not the result of force or threats. Second, the factual basis for the government's assertion that the drug involved was cocaine base (crack) was amply established. Alexander admitted, in both the plea agreement and the Statement of Defendant, that the drug he had possessed was cocaine base (crack). Moreover, the prosecutor's summary of the factual basis for the plea included the fact that the evidence would show that the drug involved was cocaine base or crack, as opposed to powder cocaine, and after hearing that summary, Alexander agreed with it. At all events, any possible error did not affect Alexander's substantial rights; indeed, Alexander has never claimed that he thought that the offense involved powder cocaine.

II.

Finally, we consider the waiver of right to appeal issue. The first draft of Alexander's plea agreement contained a Paragraph 10 that reserved his right to appeal the suppression ruling. However, this paragraph was stricken from the agreement by a line-out that was initialed by attorneys for both the Government and Alexander. The record from the plea colloquy indicates that the Government clearly stated in the

presence of the Court, Alexander, and Alexander's lawyer that Paragraph 10 "has been taken out of the agreement." [Red Br. at 46.] The prosecutor later reiterated this point, stating:

> Again, just to be clear, Paragraph 10 in the plea agreement, which provided for a conditional plea agreement, whereby the Defendant would be allowed to appeal the adverse determination by this court, has been stricken for [sic] the plea agreement . . . .

[Id.]

At the conclusion of the hearing the District Court asked the prosecutor to file an amended plea agreement to ensure that the official record included the deletion of Paragraph 10. The prosecutor assented, and Alexander does not contend that the prosecutor failed to live up to his promise to file an amended agreement. Furthermore, Alexander's lawyers never objected at the hearing to the prosecution's mention of Paragraph 10's being stricken. Moreover, Alexander's attorney explicitly acknowledged at the sentencing hearing that Alexander had waived his right to appeal when he commented that Alexander had "pled guilty knowing that . . . by entering that plea of guilty he forfeited any right he had to appeal this Court's decision on his motion to suppress evidence." [Id. at 47.]

We are satisfied that under these circumstances, the District Court did not err by failing to ask Alexander explicitly whether he understood that the plea agreement was not conditional. Moreover, any possible error did not affect Alexander's substantial rights, because Alexander has never claimed that he did not understand that he had waived his right to appeal the court's suppression ruling.

The judgment of the District Court will be affirmed.

_____

TO THE CLERK,

Please file the foregoing opinion.

By the Court

/s/Edward R. Becker
Chief Judge